FILED'10 JAN 22 12:04USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REX A. LUNDY,                                    CV. 07-1513-PA

        Petitioner,

    v.                                     OPINION AND ORDER

MARK NOOTH,

        Respondent.


    HAROLD DUCLOUX, III
    Office of the Federal Public Defender
    101 SW Main Street, Suite 1700
    Portland, OR  97204

        Attorney for Petitioner


    JOHN KROGER
    Attorney General
    LESTER R. HUNTSINGER
    Oregon Department of Justice
    1162 Court Street, NE
    Salem, OR  97301

        Attorneys for Respondent

Panner, Judge.

Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He challenges the legality of his 2000 state court convictions, alleging he was denied the effective assistance of counsel. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) is DENIED.

## BACKGROUND

In May 2000, Petitioner was indicted on three counts of Rape in the Second Degree (Counts 1, 2, and 3), Unlawful Sexual Penetration in the Second Degree (Count 4), Sexual Abuse in the First Degree (Counts 5, 6, and 7), and Sodomy (Count 8) for acts with a 12 year old girl who lived next door to him. Petitioner admitted to police that he had had sexual relations with the victim at least once, and that he loved her and intended to marry her when he was released from prison. (#18, Resp. at 2; #33, Mem. at 2.) The victim was prepared to testify she had engaged in sex with Petitioner on five or six different occasions. (Id.; #20, Ex. 104 at 5.)

On the morning set for trial, defense counsel informed the trial court Petitioner wished to waive his right to a jury trial and wished to have the court decide his case. (#20, Ex. 104 at 2.) After a recess, the parties informed the court they had reached a plea agreement and that Petitioner would be pleading guilty to Counts 1 and 2, Rape in the Second Degree, with the State

2 - OPINION AND ORDER

dismissing all remaining counts; and that the State would ask for consecutive terms of imprisonment under Measure 11, for a total of 150 months, and Petitioner was free to argue for concurrent terms, for a total of 75 months. (*Id.* at 3.)   Petitioner responded affirmatively when the court asked if he understood the negotiations that had taken place and if he understood that by entering a guilty plea he was waiving his constitutional rights to have a trial. (*Id.*)   Petitioner also affirmed that he understood the terms of the plea and that he could be subject to consecutive terms of imprisonment. (*Id.*)   When asked what his plea was to Count One, Petitioner replied "guilty", and when asked what his plea was to Count Two, Petitioner replied "guilty." (*Id.*)

Counsel informed the court that a condition Petitioner requested as part of the plea was that sentencing occur immediately. The trial court asked Petitioner to confirm this was his request, which he did. (*Id.*)   Following counsel's argument for concurrent terms, the trial court imposed two consecutive 75-month terms for a total of 150 months imprisonment, noting the victim's vulnerability and Petitioner's criminal history. (*Id.* at 18.)

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion. *State v. Lundy*, 171 Or.App. 522, 19 P.3d 387 (2000).   Petitioner did not seek review by the Oregon Supreme Court. (#20, Exs. 105, 106.)

3 - OPINION AND ORDER

Petitioner filed for post-conviction relief (PCR) raising numerous claims of ineffective assistance of counsel, and claims of trial court error and prosecutorial misconduct, but the PCR court denied relief. (#20, Ex. 121.) Petitioner appealed advancing two claims of ineffective assistance of counsel, but the Oregon Court of Appeals summarily affirmed, and the Oregon Supreme Court denied review. (#20, Exs. 122-127.)

Petitioner filed the instant petition raising 14 claims of ineffective assistance of trial counsel, 1 claim of ineffective assistance of appellate counsel, 2 claims of prosecutorial misconduct, and 1 claim of trial court error. (#2, Pet. at 4-5.) In his memorandum, Petitioner argues trial counsel was deficient in failing to investigate witnesses and in failing to investigate that Petitioner was under the influence of Mellaril prior to allowing him to waive his right to a jury trial and enter a plea of guilty. (#33, Mem. at 10.) Respondent asserts the claims not argued in Petitioner's memorandum were not raised to the Oregon Supreme Court in appellate proceedings and are procedurally defaulted, (#18, Resp. at 3, 6-7), and that in failing to argue the claims in his memorandum, Petitioner has not met his burden of proof for habeas relief. (#38, Reply at 4-5.)    As to the claims argued in Petitioner's memorandum, Respondent asserts the state court findings are entitled to deference under 28 U.S.C. § 2254(d) and (e)(1). (#18 at 7.)

## DISCUSSION

### I.   STANDARDS

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In construing this provision the Supreme Court stated: "[I]t seems clear that Congress intended federal judges to attend with the utmost care to state court decisions, including all of the reasons supporting their decisions, before concluding that those proceedings were infected by constitutional error sufficiently serious to warrant the issuance of the writ." *Williams v. Taylor*, 529 U.S. 362, 386 (2000). "We all agree that state court judgments must be upheld unless, after the closest examination of the state court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 389. The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04

5 - OPINION AND ORDER

(1991).  The decision of the state PCR trial court is the basis for
review in the instant proceeding.

>    (1)  Contrary to, or unreasonable application of clearly
>         established Federal law

"'Clearly established Federal law' under § 2254(d)(1) is the
governing legal principle or principles set forth by the Supreme
Court at the time the state court renders its decision." *Lockyer*
*v. Andrade*, 538 U.S. 63, 71 (2003).  Circuit court law may be used
as guidance in determining whether a state court decision is an
unreasonable application of the law, but not for purposes of
determining what the law is.  *Lambert v. Blodgett*, 393 F.3d 943,
974 (9th Cir. 2004), *cert. denied*, 126 S.Ct. 484 (2005).

A state court decision is "contrary to" clearly established
Federal law if "the state court applies a rule that contradicts the
governing law set forth in [Supreme Court] cases or if the state
court   confronts   a   set   of   facts   that   are   materially
indistinguishable from a decision of the [Supreme] Court and
nevertheless arrives at a result different from [the Supreme Court]
precedent." *Lockyer*, 538 U.S. at 73 (internal quotations omitted).

A state court decision is an "unreasonable application" of
clearly established Supreme Court law when "the state court
identifies   the   correct   governing   legal   principle   [   ]   but
unreasonably applies that principle to the facts of the [ ] case."
*Lambert*, 393 F.3d at 974 (citing *Williams*.)  The state court's
application of law must be *objectively unreasonable*.  *Id.* (emphasis

added). "Under § 2254(d)'s 'unreasonable application' clause, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [the law] incorrectly. An *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002), rehearing denied, 537 U.S. 1149 (2003) (internal citations omitted). "[I]t is the habeas applicant's burden to show that the state court applied [the law] to the facts of his case in an *objectively unreasonable manner*." *Id.* (emphasis added).

(2) Law governing claims of ineffective assistance counsel

Generally, *Strickland v. Washington*, 466 U.S. 668 (1987), governs claims of ineffective assistance of counsel. For relief to be granted under *Strickland*, a petitioner must prove 1) that counsel's performance fell below an objective standard of reasonableness and, 2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Strickland*, 466 U.S. 687-88. "Not every error that conceivably could have influenced the outcome undermines the reliability of the results of the proceeding" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 690, 693. "The reasonableness of counsel's performance is to be evaluated

from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *see also Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995) ("[U]nder the rule of contemporary assessment, an attorney's actions must be examined according to what was known and reasonable at the time the attorney made his choices.").

*Hill v. Lockhart*, 474 U.S. 52 (1985), established that the principles articulated in *Strickland* apply in the context of a guilty plea, but that to prevail a Petitioner has the burden of showing counsel's advice was not "within the range of competence demanded of attorneys in criminal cases," *Id.* at 56 (citing *McMann v. Richardson*, 397 U.S. 759 (1970)), and that there was a "reasonable probability" that "but for" counsel's deficient representation he would not have pleaded guilty. *Id.* at 59.

## II.  CLAIMS NOT ADVANCED IN MEMORANDUM

Pursuant to 28 U.S.C. § 2248, "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." I have reviewed the record and find Petitioner is not entitled to relief on the claims not advanced in his memorandum.

On habeas review, Petitioner must show that the state court determination of his claims was contrary to or an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d). By not addressing claims in his memorandum, Petitioner has failed to meet the burden of proof for habeas relief under § 2254(d). Accordingly, relief on the claims Petitioner did not advance in his memorandum must be denied.

## III. THE MERITS

The claims Petitioner advances in his memorandum allege counsel was deficient 1) in failing to investigate witnesses, and 2) in failing to investigate that Petitioner was under the influence of Mellaril, prior to allowing him to waive his right to a jury trial and enter a plea of guilty. (#33, Mem. at 10.)

To prevail in the PCR proceedings Petitioner had to show the PCR court that trial counsel's performance was deficient when he allowed Petitioner to enter into a plea agreement, and that, but for counsel's deficient performance, he would have rejected the plea agreement and gone to trial. Upon review of the record, I conclude Petitioner failed to make the necessary showing and it was neither contrary to nor an unreasonable application of *Strickland* for the PCR court to deny relief.

In its judgment denying relief, the PCR trial court made the following findings:

   (1)  [P]etitioner had a romantic relationship with the girl and that both he and the girl admitted that they had sexual intercourse.

9 - OPINION AND ORDER

    (2)   Additional investigation would not have disclosed evidence that would help petitioner.

    (3)   There were no witnesses that could have testified that petitioner did not do what he admitted he had done.

    (4)   Petitioner's medications did not render him unable to understand the nature of the charges, the consequences of pleading guilty and the potential sentence he could receive if convicted of all the charges.

(#20, Ex. 121.) The PCR court findings are presumed to be correct absent Petitioner presenting clear and convincing evidence to the contrary. 28 U.S.C. 2254(e)(1). Petitioner has not met this burden.

While Petitioner argues the medication he received while in jail caused him to be "mentally incapacitated when he waived his jury trial and entered into a guilty plea[,]" (#33, Mem. at 1), his medical records, his PCR deposition, and trial counsel's affidavit do not support this assertion. A review of the record before the PCR trial court, including the plea petition Petitioner signed, the transcript of the plea and sentencing proceeding in which Petitioner affirmed he understood his plea and its consequences, trial counsel's affidavit clearly stating there was no indication Petitioner's ability to understand the proceedings or the consequences of his plea was impaired, the transcript of Petitioner's PCR deposition in which he admits not mentioning his medications to his attorney or the court, and Petitioner's medical records covering the time he was medicated while in jail which

10 - OPINION AND ORDER

mention long standing anger management issues but make no mention of cognitive impairment or confusion, leads to the conclusion the PCR court's findings are supported by the record.

Petitioner failed to show the PCR court that counsel's advice was not within the range of competence demanded of attorneys in criminal cases and that, but for counsel's advice, he would not have pleaded guilty. Accordingly, it was neither contrary to, nor an unreasonable application of *Strickland* for the PCR court to deny relief.    Petitioner's request for an evidentiary hearing is unsupported and, therefore, denied.    See 28 U.S.C. § 2254(e)(2); *Insyxiengmay v. Morgan*, 403 F.3d 657, 669-70 (2005).

**CONCLUSION**

Based on the foregoing, Petitioner's Petition for Writ of Habeas Corpus (#2) is DENIED.    The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this $\not{2}\gamma$ day of January, 2010.

Owen M. Panner
United States District Judge

11 - OPINION AND ORDER